**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6284**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BEVERLY ALLEN BAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:11-cr-00237-D-1)

Submitted: September 11, 2024                    Decided:  October 3, 2024

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Beverly Allen Baker, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Beverly Allen Baker appeals the district court's order denying her motions, as amended and supplemented, for a sentence reduction under § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, and for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). First, to the extent that Baker appeals the denial of relief under § 404(b) of the First Step Act, our review of the record reveals that Baker was not eligible for relief under the First Step Act because Baker was sentenced in accord with the Fair Sentencing Act of 2010.[1] § 404(c) of the First Step Act states that courts shall not entertain a motion to reduce a sentence under that section "if the sentence was previously imposed in accordance with the amendments made by" the Fair Sentencing Act. Accordingly, we affirm the denial of § 404(b) relief, albeit on alternate grounds. *See Scott v. United States*, 328 F.3d 132, 137 (4th Cir. 2003) (recognizing this court's authority to "affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court").

Turning to Baker's motion for compassionate release, we review the denial of compassionate release for abuse of discretion. *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to follow statutory requirements, fails to consider judicially recognized factors

---

[1] That is, both Baker's initial sentencing, which was held in December 2012, and her resentencing on remand from this court, which was held in September 2014, occurred after enactment of the Fair Sentencing Act of 2010.

2

constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Id*. (cleaned up).

Upon review, we discern no reversible error in the district court's rulings related to the motion for compassionate release. As an initial matter, we observe that Judge Dever, who issued the underlying order, sentenced Baker in 2012, resentenced her in 2014, and granted a sentence reduction in 2019. *See id*. at 834 (explaining that "it weighs against an abuse of discretion—and is viewed as 'significant'—when the same judge who sentenced the defendant rules on the compassionate release motion"). Baker's strongest argument on this point stems from the district court's brief mention of her leadership role in the conspiracy, which surfaced in the court's 18 U.S.C. § 3553(a) analysis as related to the motion for § 404(b) relief.[2] As Baker correctly points out, this enhancement was reversed on appeal, *see United States v. Baker*, 539 F. App'x 299, 304-05 (4th Cir. 2013) (No. 12-5025), and thus should not have been included in the § 3553(a) analysis. However, because the remainder of the court's § 3553(a) analysis is sound and amply supported by the record, we conclude that there is a sufficient basis for affirming the denial of relief.[3] *E.g.*, *Bethea*, 54 F.4th at 839 ("In assessing the adequacy of its § 3553(a) assessment, it is appropriate to

---

[2] We have reviewed Baker's other arguments to demonstrate an abuse of discretion and, on this record, we find these arguments lack merit.

[3] Specifically, as Judge Dever was aware, given his significant prior involvement in Baker's criminal proceedings, Baker's criminal conduct was severe and spanned several years; Baker committed perjury in her grand jury testimony; Baker's criminal history included carrying a concealed firearm and narcotics offenses, as well as two assault convictions; and Baker had historically performed poorly on supervision and lacked a substantial work history.

consider the totality of the district court's statements."); *United States v. High*, 997 F.3d 181, 188-89 (4th Cir. 2021) (explaining that this court's ultimate inquiry in a compassionate release case is whether the district court has provided enough explanation—in light of the particular circumstances of the case—to permit "meaningful appellate review").

Accordingly, we affirm the district court's order. *United States v. Baker*, No. 5:11-cr-00237-D-1 (E.D.N.C. Mar. 1, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
